## Meeth v. Rankin Brick Co.

1. *Practice—Conduct of Jury Trials.*—It is to be desired that the deliberations of juries should be free from circumstances calculated to prevent a full and fair consideration of the matters committed to their decision. After a long trial it is to be expected that some or all of the jury will be fatigued, mentally as well as physically, and if, at the hour which they and most men are accustomed to sleep, they are forced to decide a case, it will not be strange if they fail to decide it correctly.

2. *Evidence—Production of Books and Papers.*—Sec. 9, Ch. 51, R. S., providing that the several courts shall have power in any action pending before them, upon motion and good cause shown and reasonable notice thereof given, to require parties to produce books or writings in their possession, or which contain evidence pertinent to the issue, was designed to invest courts of law with more power than they had previously exercised in reference to the production of private writings.

3. *Power of the Law Courts to Require the Production of Books, etc.*— The power of courts to require the production of papers, etc., should be used with circumspection. The statute requires " good and sufficient cause shown" as a prerequisite. Such cause should be shown by affidavit particularly pointing out the necessity and propriety of the desired order of the court requiring the production of such books, etc., so that the court can see that the applicant is really in need of the same to enable him to fairly present his cause of action or his defense, and that the application is for no improper or ulterior purpose.

4. *Books of Original Entries—Ledgers.*—It is error for the court to

permit a party to offer in evidence, entries and portions of books, which are merely ledgers and not books of original entry, or to permit the book-keepers of such party to testify as to other portions of said books, when they know nothing as to the truth of the entries, etc.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1892. Opinion filed January 30, 1893.

## APPELLEE'S STATEMENT OF THE CASE.

Appellant is a stone and brick mason and contractor, who, not having financial ability sufficient to take building contracts in his own name, made an arrangement with appellee to take contracts in its name for his benefit. Under this arrangement, appellee was to advance appellant as it might be needed, money to pay the laborers, and was also to pay for the materials other than brick, used in the buildings to be erected. The brick for the buildings was to be bought by appellant from appellee. A number of buildings were erected under this arrangement, and as a result appellant became indebted to appellee about $1,900 for brick. Appellee tried to get a settlement with him, and was about to bring suit, when appellant sued appellee, claiming that he was working by the day for appellee as a superintendent; that he had not bought the brick from appellee at all, and that instead of owing appellee for brick, appellee was owing him anywhere from $800 to $2,500 as "reasonable compensation" for his services as a superintendent for appellee.

## APPELLANT'S BRIEF.

The legal points in the case are : (1.) Improper haste of trial. (2.) Admission of improper evidence. (3.) Not compelling defendant to produce books, pay rolls and papers according to notice served before trial to be used in evidence for plaintiff. (4.) Improper modification of instructions. (5.) Verdict unsupported by law or evidence.

Unusual haste is ground for review and reversal. Bell, Administrator, v. Gardner et al., 77 Ill. 321.

The admission of books as evidence without proof that they are books of original entry. Starr & Curtis, Chap. 51, par. 3.

A ledger is not book of original entries against the memorandum book from which the entries are compiled. McCormick v. Elston et al., 16 Ill. 204, and cases there cited. Bently v. Ward, 116 Mass. 333; Villmer v. Schell, 35 N. Y. Sup. C. 67; Lawhoen v. Carter, 11 Bush. (Ky.), 7; Woolsey v. Bohn, 42 N. W. Rep. 1122.

. Appellant was entitled to the production of books, pay rolls, and papers in the possession of appellee in accordance with the notice served on them to produce them, and it is error in the court to refuse an order on appellee to produce the same. Rigdon v. Conley, 31 Ill. App. 634; Starr & Curtis, Chap. 51, par. 9.

Appellee had no right to put the ledger in evidence after having been notified to produce their books, pay-rolls and papers, and having refused so to do, it was error to admit the same. Holton v. Mason, 21 Mich. 364; Doe v. Hodgson, 4 P. & D. (Va.), 142; Wharton on Evidence, Sec. 157; Greenleaf on Evidence, page 649, Sec. 560 and note.

The modification by the court of an instruction, which embraces a proper exemplification of the law, is wrong and is ground for reversal. Cohen v. Schick, 6 Ill. App. 280.

A verdict unsupported by law or evidence must be reversed, and that new trial should have been granted. Booth v. Hynes, 54 Ill. 363; Southworth v. Hoag, 42 Ill. 446; Reynolds v Lambert, 69 Ill. 495; City of Chicago v. Lavelle, 83 Ill. 482; Hibbard v. Molloy, 63 Ill. 471; Stanton v. Dudley, 64 Ill. 325.

PEIRCE & PEASLEY, attorneys for appellant.

KERRICK, LUCAS & SPENCER, attorneys for appellee.

OPINION OF THE COURT, the Hon. George W. Wall, Judge.

The appellant brought assumpsit against the appellee to recover for personal services rendered in superintending

certain building operations conducted by the appellee; also for the use of his team and for money advanced by him for benefit of appellee.

It was denied by appellee that appellant performed any services as alleged, or that he made such advances, and it was claimed that in the transactions referred to, he was really carrying on the operations for himself, though the contracts were in the name of the appellee; that the brick used in the buildings was furnished by appellee, and that appellant owed therefor to appellee about $1,900.

A trial by jury resulted in a verdict for the appellee, and judgment was rendered against appellant for cost.   The evidence was conflicting.   That for the plaintiff strongly tended to sustain his position.   That for the defendant was as positively the other way as to all the work superintended by the plaintiff (except the sewer and a cistern which the defendant conceded were built by it), and it was shown that the plaintiff, instead of being the superintendent, was himself the contractor in fact, and was indebted to the defendant for the brick used in the various buildings.   It was for the jury to settle this conflict.   As to all, except the sewer and the cistern, that was the issue.   Was the plaintiff acting for himself or for the defendant?   If the former, he owed the defendant a large sum for brick.   If the latter, the defendant owed him a large sum for labor, use of team and money advanced.   We are at a loss to see how a jury could have found the issues for the defendant without also allowing the defendant under its plea of set-off, at least $1,800 for brick.

Considerable complaint is made that the case was unduly hurried, and that the trial was pressed until a late hour Saturday night, when the jury was sent out to consider of their verdict.

It is certainly to be desired that the deliberations of juries should be free from circumstances calculated to prevent a full and fair consideration of the matters committed to their decision.   After a long trial it is to be expected that some or all of the jury will be fatigued, mentally as well as phys-

ically, and if at the hour when they, and most men are accustomed to sleep, they are forced to decide the case, it would not be strange if they failed to decide it correctly.

It is better to let them rest, as the judge himself would wish to do if the jury had been waived, before proceeding to a decision. The conduct of the case in this respect, as in many others, is so far within the discretion of the court, that an appellate tribunal would not be warranted in setting aside the judgment for this reason, unless it was quite apparent that the action of the court had unduly prejudiced the rights of the appellant. We are unable to say that such was the case here, though we are somewhat impressed with the suggestion that the jury were not so deliberate, and perhaps not so accurate as probably they would have been under less pressure.

It is also urged that the court erred in refusing to require the defendant to produce certain books and papers relating to the transactions involved in the controversy. Notice was given to produce these matters in evidence, but the court ruled that the failure to do so, only gave the plaintiff the right to offer secondary evidence of their contents. Our statute, section 9, chapter 51, provides that the several courts shall have power in any action pending before them, upon motion and good cause shown and reasonable notice thereof given, to require the parties, or either of them, to produce books or writings in their possession or power, which contain evidence pertinent to the issue. This statute was designed, no doubt, to invest courts of law especially with more power than they usually exercised in reference to the production of private writings. Courts of chancery had always quite freely exercised coercive authority in this respect.

In the latter tribunals, the pleadings seeking such relief were usually, if not always, under oath, and in proceedings at law, where the authority was exercised rarely and with cautious limitations, the application was supported by the affidavit of the party showing the circumstances. 1 Green. Ev., Sec. 559.

Evidently, such power should be used with circumspection, lest it be abused, and the statute requires "good and sufficient cause shown" as a prerequisite. No such cause was shown here, unless it can be said it was apparent, from the circumstances and the proof already developed in the course of the trial. We are disposed to hold that such showing ought to be by affidavit particularly pointing out the necessity and propriety of the desired order, so the court can see that the applicant really needs it to enable him to fairly present his cause of action, or his defense, and that the application is for no improper or ulterior purpose. We find no error in the action of the court in this respect.

It is objected further, that the court erred in permitting the defendant to offer certain entries in the books, as evidence in their behalf, and in permitting the bookkeepers, Newberg and Harvey, to testify as to the contents of other portions of said books. It appears that these books were not really books of original entry, but were nothing more or less than ledgers, as to most, if not all, of the entries. Newberg knew nothing as to the truth of the entries, nor did Harvey.

It is not vigorously insisted, by counsel for appellee, that the ruling upon the points was free from error, but it is urged that, " as the appellee's entire claim, as shown by the books, was disallowed by the jury, the appellant was not harmed by the ruling."

It should be remembered that the vital issue was whether the plaintiff was working for himself or for the defendant. It will not do to assume, because the jury did not find for defendant on the plea of set-off, or, as counsel puts it, disallowed the claim of the appellee, that the evidence offered by the books was disregarded and had no effect in producing the verdict. Those books showed rebates on various jobs and charges for brick, and, in fact, were, throughout, strongly in support of defendant's theory of the case, that the plaintiff was the real contractor.

It is impossible to say the jury were not influenced

by such proof; but, on the contrary, it is almost a certainty that it had considerable weight with them.

Of course, as heretofore noticed, the verdict was inconsistent with either theory of the case, but this evidence tended very decidedly to disprove the plaintiff's theory and no doubt it was more or less effective in that direction.

Objection is urged as to the modification of the plaintiff's instructions, but the point is not very forcibly presented, and upon reading all the instructions in connection with the evidence, we do not find any substantial cause of complaint.

It is also urged that in numerous instances, the court sustained objections to questions asked by the plaintiff, and overruled objections to those asked by defendant. There are so many of them that it would be impossible to notice them in detail, and after carefully reading the abstract, we are unable to say that on the whole any grave error appears.

Some pertinent questions put by appellant were indeed overruled, but we can not say that the matter they called for was not elicited by other questions, and many questions which were leading in form and were merely repetitions of others, were allowed. All these matters are largely within the discretion of the trial court and error can not be successfully assigned thereon unless it is probable that some harm resulted. As the case must be again tried, it is to be presumed these causes of complaint will not be repeated. Hence, it is not necessary to dwell further upon the point.

For the error above indicated the judgment will be reversed and the cause remanded.