## McAmore v. Wiley.

1. *Evidence—Books of Account—Foundation for Admission in Evidence.*—It is error to admit books of account in evidence without making the preliminary proof of the facts required by Sec. 3, Ch. 51, Revised Statutes.

2. *Evidence—Books of Account—Footings.*—Footings in books of account form no part of the original entries and are not admissible in evidence as such.

3. *Witness—Competency—Age.*—Where it appeared from her examination that a girl of thirteen understood that pains and penalties were attached to the crime of perjury and had the moral perception of a girl of that age, it was held error to exclude her from testifying, on the ground that she did not understand the nature of an oath.

4. *Witness—Competency—Intelligence.*—The question of the witness' intelligence, goes more to his credibility, than to his competency as a witness. His knowledge or want of it may be taken into consideration by the jury in determining the weight to be given to his testimony.

5. *Witness—Religious Tests.*—No religious tests are now required to qualify a person to be a witness, under the constitution of the State of Illinois.

6. *Instructions—Burden of Proof.*—An instruction which makes the proof on the part of the defendant supply the preponderance of the evidence, which the law requires of the plaintiff, and gives him a verdict without proof, is erroneous, as it improperly shifts the burden upon the defendant.

**Memorandum.**—Assumpsit. Action for goods sold and delivered. Appeal from a judgment rendered by the Circuit Court of Jo Daviess County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, A. D. 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, E. L. BEDFORD, ATTORNEY.

It was error to permit appellee to testify to the result of their examination of the account book in question.  1 Thompson on Trials, Sec. 377.

Lumping charges renders the entry inadmissible.  A charge by a mechanic for one hundred and ninety days work was ruled out as not sufficiently specific.  Lynch v. Petrie, 1 Nott & McC. (S. C.) 130.

So a charge by a physician of $13, for attendance and medicine for curing the whooping cough, was rejected. Hughes v. Hampton, 2 Treadw. (S. C.) 745; 2 Rice Ev. 830.

No religious belief is required to qualify a citizen to take an oath, and no citizen can be excused from taking an oath or affirmation, because of his religious belief.  In Hronek v. The People, 134 Ill. 139, it was decided that by virtue of Sec. 3, Art. 2, Constitution of Illinois, 1870, a person who did not believe " that God would punish him in this world or the next," should be permitted to testify.

APPELLEE'S BRIEF, D. & T. J. AND J. M. SHEEAN, ATTORNEYS.

Whether a child shall be permitted to testify, is wholly a question of intelligence and of a due sense of the obligation of an oath, and the judge is allowed a large discretion.  10 Am. and Eng. Enc. of Law, 619.

The testimony of the plaintiff's wife, to the effect that her husband was absent most of the time, and that in his absence she managed the hotel for him, is sufficient proof of her agency to render her a competent witness.  Mitchell v. Hughes, 24 Ill. App. 308.  See also Mabley v. Irwin et al., 16 Brad. 362; Poppers v. Miller, 14 Brad. 87; Robertson v. Brost, 83 Ill. 116.

OPINION OF THE COURT, LACEY, J.

This suit was commenced by appellee, a store keeper, originally before a justice of the peace, to recover the amount of a bill of goods sold to the appellant, to the amount of $62, the evidence of which rested in book account.  The case was tried before a justice of the peace, and afterward appealed to the Circuit Court.  Before the commencement

of the suit the appellee's store building and book of accounts were destroyed by fire. The trial resulted in a verdict and judgment against appellant for $53.60.

There are several causes assigned for error by appellant : First. The improper admission of evidence by the court in appellee's favor. Second. The improper exclusion of the evidence of Lillie McAmore, a competent witness offered by appellant. Third. That the court gave improper instructions on the part of appellee.

We think all these points are well taken. First. The witness, the wife of the appellee, Mrs. Sarah Wiley, was called, and allowed to testify in behalf of her husband as follows, to wit : "About two weeks before the fire I balanced his (appellant's) account. I saw his account was $62 and some cents." This evidence was given against the objection of appellant, who at the time took an exception. The substance of this evidence was the proving the contents of appellee's books of account without laying the proper foundation, and in proving the footings which were no part of the original entries. It would be improper, also, to introduce the contents of appellee's books of account without making the preliminary proof of the facts required by statute, Sec. 3, Chap. 51, R. S.

The evidence of Lillie McAmore, who was a bright girl, of the age of thirteen years, was excluded, on the grounds that she did not understand the nature of an oath. She was examined on her *voir dire* and testified, among other things, that she knew it would not be right to tell a lie, and the court, on its own motion, instructed her as to the nature of an oath, and told her that if she swore to that which was not true and answered the attorneys and told lies, she would be punished and might be sent to jail; and that it was wrong to swear to that which was not true. In answer to the question of the court she stated that she understood it. We think this witness understood, after the instructions of the court, the substantial nature of an oath. She understood that pains and penalties were attached to the crime of perjury, and seemed to have the moral perception

expected of a girl of her age. No religious test is now required to qualify a person to be a witness, under the present constitution of this State. Hronek v. The People, 134 Ill. 139. The question of the girl's intelligence went more to her credibility than to her competency as a witness.

The jury might take the fact of her intelligence, or want of it, into consideration in determining the weight to be given to her evidence. Many intelligent persons would probably fail, upon examination, to give a correct definition of the nature of an oath, as defined by Webster, and yet those persons be perfectly competent witnesses. We therefore think the proposed witness should have been permitted to testify.

We now come to the question of appellee's instructions. Instruction number four, or the latter part of it, in telling the jury where the burden of proof rested, reads as follows: " And if you believe, from the evidence in this case, that the defendant claims to have paid the plaintiff for the goods in question in this case, or to have paid for them; and if you further believe, from the evidence, that the defendant has failed to prove such payments, by the preponderance of the greater weight of evidence, then you should find in favor of the plaintiff and assess his damages against the defendant, whatever sum the evidence warrants."

This instruction required the jury to find against appellant at all events, if he fails to prove payments. The amount, however, is limited by the instruction to " what the evidence warrants," thus casting the burden of proof upon the defendant, making his lack of proof supply the preponderance of the evidence the law requires of the plaintiff, and gives him a verdict, without proof, if the jury obeyed the instruction. This instruction was evidently erroneous.

There are numerous points raised in this case by counsel for appellant, many of them of a trivial character, not necessary to notice. We express no opinion as to the weight of the evidence. For the reasons above given, the judgment of the court below is reversed and the cause remanded.