## Thomas H. Bradley, Adm'r, etc., v. Effie Gardner.

1. HARMLESS ERROR—*Declarations of Deceased Persons.*—In an action against an administrator to recover the value of services rendered for a deceased person it is error to admit in evidence declarations of the deceased, made shortly prior to her death, as to her intentions in leaving a portion of her property to the plaintiff. Such matter is foreign to the inquiry, but in this case the court does not think that it is so seriously prejudicial as to call for a reversal of the judgment.

2. BOOKS OF ACCOUNT—*Foundation for Their Introduction in Evidence.*—It is error to admit in evidence an account kept by a deceased person showing amounts of cash paid, etc., without the proof required preliminary to the introduction of a book account.

Assumpsit, for services rendered. Error to the Circuit Court of Fulton County; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

W. SCOTT EDWARDS and H. W. MASTERS, attorneys for plaintiff in error.

HARRY M. WAGGONER, attorney for defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $400 recovered by defendant in error for services rendered the intestate of the plaintiff in error.

The evidence shows that for the last five or six years of the deceased's life defendant in error lived in her family, did her housework and assisted in carrying on a dressmaking business. She was to receive $2 per week as a house servant and one-half of the earnings of the dressmaking business.

Her claim upon the trial was limited to services as a housekeeper. The defense was that she had been paid. The only evidence permitted to go to the jury in support of such defense was the evidence of alleged statements of the deceased, made in the presence of defendant in error, to

the effect that the defendant in error had been paid. · The statements were denied by the defendant in error and we do not think that the jury erred in not accepting them as sufficient evidence of payment.

The court permitted to go to the jury evidence of declarations of the deceased, shortly prior to her death, as to her intentions in leaving a portion of her property to defendant in error. Such evidence was foreign to the matter of inquiry and should not have been admitted; but we do not think it so seriously prejudiced the defense as to call for a reversal of the judgment. The court did not err in refusing to admit in evidence a book account kept by deceased showing amount of cash paid to defendant in error. There was no proof whatever that the book in which the account was kept was a book of original entries or that the entries were made in the usual course of business. Such proof is required as preliminary to the introduction of a book account. Starr & Curtis' Annotated Statutes, Sec. 3, Chap. 51; Ruggles v. Gatton, 50 Ill. 412; Treadway v. Treadway, 5 Ill. App. 478; Meeth v. Rankin Brick Co., 48 Ill. App. 602; McAmore v. Wiley, 49 Ill. App. 615.

No substantial error appearing in the record, the judgment will be affirmed.