PONDER, Justice.
 

 This is an appeal from a judgment of separation from bed and board and an award of alimony pendente lite.
 

 The plaintiff, Madeline Gann, wife of John Louis Pflueger, seeks separation from bed and board on the ground of abandonment, and an award of alimony pendente lite in the sum of $80 per month. The defendant, husband, in his answer denies the abandonment and sets out in defense to the suit that he has complied with the summons to return to the matrimonial domicile but his wife refused to receive him and that
 
 *888
 
 his wife has refused to come and live with him at a home he has prepared for her. Upon these issues the case was tried and the lower court gave the wife judgment decreeing a separation from bed and board and an award of $45 per month alimony pendente lite. From the judgment the defendant, husband, appeals.
 

 Counsel for the defendant contends that the husband did not abandon the wife. From the evidence it appears that he did. The plaintiff and defendant were married in 1936 and lived in the same house with the defendant’s mother, brothers and sisters until a year before their separation. The record shows that there was friction between the plaintiff and the defendant’s relatives while they were living with them. In fact, the friction and noise in the home caused the husband to develop such a nervous condition that his physician advised him to move. The plaintiff and defendant moved to the plaintiff’s mother’s home about a year before they became separated, at which place they lived until the separation. A short time before the separation took place the plaintiff became ill and was carried to Touro Infirmary. Her condition became such that it was necessary for her to undergo an operation. When the plaintiff was carried to Touro Infirmary, the defendant left the home of the plaintiff’s mother and went to his .mother’s home and has continued to reside there until the present time. When the plaintiff left the hospital she returned to her mother’s home and has resided there up to the present time. The testimony produced by the defendant does not show that he complied with the summons of the court to return to the matrimonial domicile. It appears the defendant on two occasions yisited his wife. On the first visit his wife was not at home. On the second occasion when he visited his wife he was accompanied by his brother, who was to act as, a witness, and he would not talk to his wife out of the presence of this brother. He stated on this occasion to his wife,
 
 “I
 
 am back.” The wife’s mother endeavored to get the defendant and his wife to discuss the matter of the reconciliation in privacy and out of the presence of anyone, but the defendant would not agree to talk to his wife except in the presence of his brother. There was no serious effort made by the defendant on this occasion to bring about a reconciliation, but to the contrary the defendant entered into a very bitter argument with his mother-in-law over religion and wound up by accusing the plaintiff’s mother and father of being hypocrites. After the conclusion of this bitter argument, the defendant left without making any further effort to bring about a reconciliation. In fact, the action on the part of the defendant prevented a reconciliation and made it impossible for his wife to receive him at her mother’s home. We, therefore, conclude that the husband left the matrimonial domicile thereby abandoning his wife and has made no serious or reasonable effort to comply with the summons or order of court commanding him to return to the matrimonial domicile.
 

 Counsel for the husband contends that the wife has refused to come and live with the husband after he has prepared
 
 *890
 
 a suitable home for her. This home is the same place that they moved away from on a previous occasion because of the friction between the defendant’s relatives and the plaintiff. It appears that this place where the defendant’s relatives live has been rearranged. The house is in the nature of a raised cottage. The entire floor of the lower story is of concrete. The mother of the defendant and some of his relatives live on the upper floor and the defendant’s brother and his family live in the lower floor or what might appear to be a basement. It is in this basement floor the defendant claims he has prepared a home for' his wife. The manner in which it is arranged requires the plaintiff and defendant to use the dining room and kitchen in common with the family of his brother. The relationship between the plaintiff and the family of the defendant’s brother is strained and there appears to exist considerable friction. The same circumstances and conditions which previously prevented them from living happily at this place still exist. The defendant has made no effort to provide a home for his wife separate and apart from his relatives. From this testimony it does not appear that this is a serious effort on the part of the defendant to provide a suitable home for his wife where she would be welcomed. The plaintiff and defendant had previously tried living at this place and because of the friction and strained relations it was necessary for them to move away and it would be unreasonable to expect the wife to return to this place under the existing circumstances. ■
 

 It appears that the award of $45 per month for the support of the wife during the pendency of this suit is reasonable. Counsel for the defendant in his brief does not ask for any reduction in this award. However, we find that the defendant is receiving a salary of $175 per month and owns two pieces of property which is being paid for by the rent received therefrom.
 

 For the reasons assigned the judgment appealed from is affirmed.
 

 FOURNET, J., absent.