William E. SNYDER, Appellant,

v.

Agnes E. SNYDER, Appellee.

No. 2013.

Municipal Court of Appeals for the District of Columbia.

Argued July 15, 1957.

Decided Sept. 20, 1957.

Rex K. Nelson, Washington, D. C., with whom Eugene X. Murphy, Washington, D. C., was on the brief, for appellant.

Francis J. Racioppi, Washington, D. C., entered an appearance for appellee, but filed no brief.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

This was an uncontested action for an absolute divorce on the ground of desertion. Plaintiff, a serviceman, testified that while he was stationed in Japan he received orders transferring him to Texas. He communicated with his wife, who was apparently living here at that time with their four children, and asked her to join him in Texas but she refused. After his transfer, he returned to Washington on leave in a further attempt to persuade her to change her decision but was unsuccessful. Defendant's mother then testified that she was present during certain conversations between the parties and stated that

"* * * at one time I heard Mr. Snyder ask Mrs. Snyder to go to Texas and live there, and she told him no, that she thought it was best not to on account of the children."

Plaintiff's attorney offered as a witness one of the children who supposedly had also

heard this conversation. The trial judge declined to hear him, stating that the evidence was sufficient, and indicated that he was prepared to sign an order granting the divorce.

Before signing, however, the judge began questioning plaintiff again and elicited the fact that he had been a resident of the District of Columbia before he was drafted, that he presently claimed the District as his residence, but that the permanent address which he listed on his service records was the same address in Washington at which his wife was then living. The trial judge apparently felt that this fact was inconsistent with either the claim of desertion or the claim of local residence. He orally stated this theory to counsel as follows:

"* * * this man said that he gave his address, his permanent address is where his wife lives. Now, how can he say that his permanent address is where his wife lives, in one breath, and turn around and say that it's not my permanent residence because my wife has deserted me and I don't want anything to do with her and I want a divorce from her?"

and again

"I just can't see that this fellow is entitled to any divorce on the ground of desertion when he says the District of Columbia is his residence and the address that he gives as his residence is his wife's address.

"I am going to dismiss it."

However, the court subsequently filed the following written judgment:

"This cause having been heard on the issues framed therein, the Court finds as a fact that the parties herein were married January 9, 1942; that plaintiff was a resident of this District for more than one year prior to the filing of this action; that plaintiff was a member of the Armed Forces of the United States; that as such he was transferred to a military post in Texas on or about June 1, 1953; that he requested defendant to accompany him to said post but defendant stated that it was best not to do so on account of the children of the parties and she did not go to said post with plaintiff; that plaintiff maintained a residence with defendant during the times he alleged she deserted him. The Court concludes as a matter of law, that the defendant could legally refuse to accompany defendant [sic] to new quarters, if it was not for the best interests of the children of the parties so to do; that the burden was on plaintiff to prove by the preponderance of the evidence that he had a proper place in Texas for the defendant and the children of the parties to live; that the burden was on plaintiff to corroborate his testimony that plaintiff [sic] deserted him.

"It appearing to the Court that there was only a qualified refusal of defendant to accompany plaintiff to new quarters and that plaintiff has not sustained the said burden of proof, it is by the Court * * *

"Ordered, that the complaint * * * be * * * dismissed."

A motion to vacate judgment and grant a new trial was denied and this appeal followed.

■ While the court's holding is not entirely clear, it appears to us that the dismissal was based on the conclusion that plaintiff had failed to sustain his burden of proof in two respects: (1) he did not offer corroboration of the "desertion," nor (2) did he present evidence as part of his case in chief of the suitability of the quarters in Texas. The first ground, that as a matter of law corroboration was required, was erroneous.[1]

1. Schroeder v. Schroeder, D.C.Mun.App.1957, 133 A.2d 470.

■ What effect this error of law had on the trial judge's decision is difficult to determine for it is not clear what he meant by his statement that the "desertion" was not corroborated. The "desertion" relied on by plaintiff here was the refusal of his wife to accompany him to a new residence. The general rule is that the husband has the right to choose the place where the family will live; and if the husband acts reasonably, the unjustified failure or refusal of the wife to follow him is desertion, which, if it persists for the statutory period of two years,[2] is grounds for divorce.[3] Desertion, then, is composed of several elements, and we are therefore unable to reconcile the court's holding that there was no corroboration of plaintiff's testimony that defendant "deserted" him with the express finding that at least one of the elements occurred, i.e., that defendant refused to go to Texas with plaintiff. Further, we note that plaintiff's testimony that he had not cohabited with his wife after her refusal to follow him was corroborated by the testimony of his mother-in-law. Our consideration of the case is thus narrowed to the remaining question, namely, whether defendant's refusal was justified, or more particularly, whether plaintiff had prepared suitable quarters for his family as its new home.

■ The trial judge held that the burden was on plaintiff to introduce evidence on this point. Since plaintiff presented no evidence on this phase of the case, we are not here concerned with corroboration of testimony, but with a total absence of it. Plaintiff's position is that this issue, if it is one, is in the nature of an affirmative defense which he has no obligation to meet as a part of his case in chief. The cases are not precise as to the extent of the burden on the husband in this situation, but there is authority requiring him to show suitability of the proffered home, and no presumption can be indulged to that effect in his favor.[4] There is also precedent to the contrary.[5] An eminent writer in the field suggests that

"* * * a husband seeking a divorce on the ground of desertion or abandonment of this type would have the general burden of making out at least a prima facie case and *explaining away any apparent justification for the wife's conduct, even though his suit is uncontested. * * *"[6] (Emphasis supplied.)

We agree with this statement.[7]

Applying this rule to the instant case, we believe that it was incumbent upon plaintiff to introduce some evidence on this point after his mother-in-law's testimony was received, *had he been required to do so,* because, although it was of dubious evidentiary value, it did raise an inference of possible justification for defendant's conduct. The trial judge, however, after hearing the initial testimony, definitely indicated that he was satisfied with it, and it was only after the written final judgment was filed that the issue was actually raised. In these circumstances, we believe that plaintiff should have been given an opportunity to produce satisfactory rebuttal evidence, if he had any, and that the interests of fairness will best be served by the award of a new trial.

It is so ordered.

2. Code 1951, § 16–403.

3. See the annotation at 29 A.L.R.2d 476.

4. Alves v. Alves, 1932, 126 Cal.App. 260, 14 P.2d 578.

5. Knapp v. Knapp, 1943, 152 Pa.Super. 412, 33 A.2d 88. This case was contested.

6. 1 Nelson on Divorce and Annulment, § 4.09 (2d ed. 1945).

7. Cf. Geer v. Geer, D.C.Mun.App.1957, 134 A.2d 110: "* * * Condonation is a defense and ordinarily one is not bound to meet a defense until it is raised. However, the present case was uncontested, and had there been any evidence raising an inference of condonation, it would have been necessary for the wife to satisfactorily rebut it. * * *"