Phillip M. MATTHEWS, Appellant,

v.

Harriet R. MATTHEWS, Appellee.

No. 2172.

Municipal Court of Appeals for the District of Columbia.

Argued May 19, 1958.

Decided Oct. 28, 1958.

Carlisle E. Pratt, Washington, D. C., for appellant.

Thurman L. Dodson, Washington, D. C., with whom E. Lewis Ferrell, Washington, D. C., was on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant, Phillip Matthews, brought suit against his wife for an absolute divorce alleging desertion. Appellee filed a counter-complaint on the same ground and at the conclusion of the hearing the court dismissed both suits. Only the husband has sought review in this appeal.

The parties were married in August 1954 and resided in an apartment which appellant was buying on Washington Place in the northeast section of the city. Two months after the marriage, a quarrel led to a temporary separation. The cause of the separation was in some degree due to the wife's complaints that the living quarters were small and lacking in storage space. It seems that appellant, who was an electrical engineer employed by the Federal Government, used the dressers and the limited closet space to store his electrical equipment. As

a result, the wife was required to keep much of her clothing under the bed. A reconciliation was effected soon after the separation, and as part of the agreement the parties moved to more spacious quarters on Belmont Road, N.W. Appellant testified he was financially unable to maintain the new apartment and informed his wife in December 1954 that he was moving back to Washington Place. He stated that he requested her to come with him several times before and after leaving. This testimony was in sharp conflict with the wife's. She testified that appellant informed her for the first time of his intention to move the night before his departure. She further stated that he never requested her to return but instead told her, "I don't really want to be married." Appellee did not return to live at the Washington Place address.

■ In dismissing both suits the judge found that the parties had used the separation to charge each other with desertion and that neither had acted in good faith. More specifically, he found that appellant returned to the Washington Place apartment with the conviction that his wife would not go back there to live. He further held that the wife had remained at the Belmont Road apartment for the sole purpose of establishing grounds for divorce. Since only the husband has appealed, we are not concerned with the correctness of the court's dismissal of the wife's counter-complaint.

■ As recently held in Snyder v. Snyder, D.C.Mun.App., 134 A.2d 587, a husband has the right to choose the place where the family will live and so long as he acts reasonably, the unjustified refusal of the wife to follow constitutes desertion if it persists for the statutory period. The rule is not without qualification; it requires that this marital right be exercised in a reasonable manner and necessarily in good faith. See Annotation, 29 A.L.R.2d 474, 479. It cannot be used for the purpose of laying a foundation for a divorce proceeding. See Bennett v. Bennett, 197 Md. 408, 79 A.2d 513, 29

A.L.R.2d 467; Madden on Domestic Relations, § 86, p. 280 (1931).

Appellant's choice of a place to live was one he knew to be unacceptable to his wife. The Washington Place apartment was in fact the source of their marital discord and the agreement to live elsewhere was an important factor in the parties' reconciliation. It can hardly be said, therefore, that his selection was made in good faith. Moreover, the husband insisted that financial reasons necessitated the return to their former abode. As further evidence bearing on the issue of good faith on which the court could have supported its finding, it appears that his living expenses were relatively small. Both parties were employed and although the husband received an adequate salary, by an agreement between the parties made at the time of their marriage, the wife agreed to pay the costs of food and utilities. That she did this at both places is substantially unchallenged.

■ Appellant argues there is an inconsistency in the court's findings in that the judge found the wife had no valid reason not to return to the Washington Place apartment and that she could have lived there comfortably. This finding relates to the adequacy of the living quarters. Without more, it would seem to hold that the wife was not justified in failing to follow her husband. But, as previously pointed out, a husband may change the place of residence at any time. He must show only that he acted reasonably and in good faith. Where the evidence supports a finding that his choice was made with the knowledge that his wife would not follow and with the ulterior motive of using the change as a means of dissolving the marriage, the choice is not made in good faith and the court need not consider the adequacy of the living quarters or the wife's justification or lack of justification for failing to follow.

The order of the court dismissing appellant's complaint is

Affirmed.