James H. BARNES, Appellant,

v.

Juanita C. BARNES, Appellee.

No. 2286.

Municipal Court of Appeals for the District of Columbia.

Argued Nov. 10, 1958.

Decided Feb. 9, 1959.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellant.

William Beasley Harris, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant appeals from a final judgment dismissing his suit for absolute divorce on the ground of desertion. The parties were married in April 1943 in Maryland when appellant was in the service. After his

discharge in September 1946 they took up residence in Brooklyn, New York, and a child was born of this union. In April 1948 appellee was committed to a New York tuberculosis sanitarium and that same month appellant left his position and moved to the District of Columbia. The following September he purchased a house jointly with his sister and wrote to appellee about it, requesting that she come and live with them. Appellee replied that she had no desire to come to Washington and that since appellant and his sister had purchased a house, "they could live in it." In 1955 she was discharged from the hospital as an outpatient.

Appellant testified that he received information from his wife's physicians that the District of Columbia was not the place to bring a tubercular patient, and that his wife told him she preferred to go to a dry climate. Appellant has not seen his wife or requested her to join him since her discharge from the hospital.

 This court has held that the husband has the right to choose the place where the family will live, and so long as he acts reasonably, the unjustified refusal of the wife to follow constitutes desertion if it persists for the statutory period. However, the rule is not without qualification; it requires that this marital right be exercised in good faith with due regard to the health, welfare and peace of mind of the wife. It cannot be used as the basis for a divorce proceeding.[1] We believe that the exercise of the husband's right under the circumstances in this case was plainly unreasonable because of the threat to the wife's life and welfare. She had sufficient grounds for her refusal to accompany or follow her husband to his new place of abode.[2] Appellant's conduct also indicated that he was not acting in good faith because appellee's physicians had warned him the District was no place to

bring a tubercular patient. When he requested her to join him she had an active case of tuberculosis. In fact, it was seven years before the hospital released her as an outpatient. On the record, we think the dismissal of the complaint was justified.

Affirmed.

1. Matthews v. Matthews, D.C.Mun.App., 1958, 145 A.2d 286, and cases cited therein.

2. Bennett v. Bennett, 1951, 197 Md. 408, 79 A.2d 513, 29 A.L.R.2d 467.