Ralph J. BUSBOOM, Appellant,

v.

Sudie-Belle BUSBOOM, Appellee.

No. 3055.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 19, 1962.

Decided Dec. 28, 1962.

E. David Harrison, Washington, D. C.,
with whom Leonard S. Melrod and Joseph
V. Gartlan, Jr., Washington, D. C., were on
the brief, for appellant.

Paul J. McGarvey, Washington, D. C.,
for appellee.

Before HOOD, Chief Judge, and
QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellee wife filed an action for divorce
from appellant husband on the ground of his
desertion. He denied the desertion and
counterclaimed for the return of $9,459.05,
allegedly taken by her without right from
a joint bank account. From judgments in
favor of the wife on both issues, this appeal
followed.

Two questions are presented: (1) Was
the wife entitled to a divorce for desertion;
and (2) Was the husband's counterclaim
barred by the statute of limitations?

1. The parties lived together as husband
and wife until March, 1959, when he moved
to Illinois to manage some farms inherited

from his father and to live with his mother there. The wife, who had had previous disagreements with her mother-in-law, while living with her, refused to move to Illinois unless he provided a separate home for them. The trial judge found that he failed and refused to do so for a two-year period and that, under all the circumstances, this constituted desertion entitling the wife to a divorce. This finding has support in the record.

■ Generally the husband has the right to choose the place where the family will live; and if he acts reasonably, the wife's unjustified refusal to follow amounts to her constructive desertion.[1] But if he refuses to provide a suitable home for his wife within his financial ability, she is excused from following him and he becomes the deserting spouse.[2] Whether it is unreasonable for a husband to require a wife to join him in his mother's home will depend on the facts. A wife need not live with her husband's family if it is likely to lead to substantial strife and conflict for her and if he can afford to establish a separate abode.[3]

2. With respect to the counterclaim, the husband testified that he had deposited $10,000 of his own money in a joint bank account in the District of Columbia; that in February, 1958, without his consent and while he was in Illinois, but before the parties had finally severed their marital relationship, the wife had withdrawn the funds and deposited them to her personal account. The wife contended that her husband had given her the money for her own use. The trial judge never reached a decision on the merits of the claim, ruling that the counterclaim, not having been filed until December, 1961, was barred by our three-year statute of limitations.[4]

■ The statute of limitations is not generally applicable to actions between husband and wife *prior* to divorce.[5] "This appears to be the general rule, and is based upon the theory that domestic discord would surely follow litigation between spouses, and that one spouse should not be compelled to sue the other for fear that rights would be lost by lapse of time. See Annotation, 121 A.L.R. 1382. But we do not believe the rule is applicable under all the circumstances."[6]

■ We hold that the statute of limitations does not bar the present counterclaim. *The wife withdrew the money* from the joint account in February, 1958. The parties were then still maintaining some semblance of a marital relationship. For the next year they lived together intermittently in her apartment in the District and attempted to effect a reconciliation but were unable to work out their differences. Without destroying an amicable opportunity to preserve the marriage status, the husband could not, prior to his final departure from the marital abode in March, 1959, bring suit to seek the return of the money which he alleges was wrongfully appropriated by the wife.

We hold, therefore, that the counterclaim, having been timely filed, should be returned for trial on its merits.

Affirmed in part; reversed in part; and remanded for trial of counterclaim.

1. Barnes v. Barnes, D.C.Mun.App., 148 A. 2d 461, 462; Snyder v. Snyder, D.C.Mun. App., 134 A.2d 587, 589.

2. Hughes v. Hughes, 113 W.Va. 698, 169 S.E. 403; Hoffhines v. Hoffhines, 146 Md. 350, 126 A. 112, 38 A.L.R. 332; see also Bennett v. Bennett, 197 Md. 408, 79 A.2d 513, 515, 516.

3. Hughes v. Hughes, supra, note 2; Hoffhines v. Hoffhines, supra, note 2; Gann v. Pflueger, 194 La. 885, 195 So. 345.

4. Code 1961 § 12–201.

5. Curles v. Curles, D.C.D.C., 136 F.Supp. 916, aff'd 100 U.S.App.D.C. 43, 241 F.2d 448.

6. Posnick v. Posnick, D.C.Mun.App., 160 A. 2d 804, 808.