**Fred GLICK, Appellant,**

v.

**Sylvia Joan GLICK, Appellee.**

**No. 3110.**

District of Columbia Court of Appeals.

Argued Dec. 10, 1962.

Decided Feb. 8, 1963.

Rex K. Nelson, Washington, D. C., argued for appellant. Leon L. Sclawy and Henry S. Snyder, Washington, D. C., were on the brief for appellant.

Samuel Intrater, Washington, D. C., with whom Albert Brick, Washington, D. C., was on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant filed a complaint seeking an absolute divorce for desertion and custody of the minor child of the parties on the ground that his wife refused to accompany him to a new residence. Appellee answered and counterclaimed. This appeal is from an order of the court dismissing the complaint, awarding custody of the child to appellee, and ordering appellant to pay $25 per week for the maintenance and support of appellee and the child.

The parties lived together in New York until 1959 when appellant, a railroad employee, lost his job. He came to the District in search of employment and was offered a position in his brother-in-law's business, which he accepted. Without making any living arrangements for his family, he returned to New York and told his wife he had a job here and wanted her to join him. He testified her reply was, "I would not go

any place where you go." Appellant returned to the District, rented a room, and entered his brother-in-law's firm. At no time thereafter did he ask his wife to join him. The transcript of the entire proceeding indicates that there was marital discord between the parties long before appellant took up residence in the District.

At the conclusion of appellant's case the trial court ruled that appellee could not be charged with desertion in the absence of some showing by appellant that he had renewed his request that she join him *after* he had established a home here. The complaint was dismissed and subsequent proceedings were limited to the custody issue and the question of maintenance and support.

We are of the opinion that the trial court erred in dismissing the complaint for divorce on the ground of desertion without hearing further evidence on this issue from appellee. There is widespread acceptance of the rule relied upon by the trial court that a wife cannot be charged with desertion for refusing to follow her husband to a new domicile when the husband has not provided a home for her there.[1] Nevertheless, the clear implication of appellee's reply was that she had a fixed intention not to accompany her husband to the District, regardless of the existence or nonexistence of a home here. In the absence of any finding of bad faith on the part of appellant, we think that the complaint was dismissed for failure to perform what perhaps was a useless act,[2] and that the interests of fairness will best be served by reversing and remanding this case for a new trial.

It is so ordered.

1. 29 A.L.R.2d 474, 480.

2. See Bateman v. Bateman, 337 Ill.App. 7, 85 N.E.2d 196, 200 (1949); but see Alves v. Alves, 126 Cal.App. 260, 14 P.2d 578 (1932). In Snyder v. Snyder, D.C. Mun.App., 134 A.2d 587 (1957), we said that there is authority requiring the husband to show suitability of the proffered

home, but in the case presently before us appellee's reply evidences no apparent justification for her conduct. Matthews v. Matthews, D.C.Mun.App., 145 A.2d 286 (1958), is clearly distinguishable. There the wife refused to return to the home which had been the source of the marital discord.