### Olaf A. Gustafson v. Barbara Gustafson.

1. DIVORCES—*Burden of Proof on Complainant.*—In a proceeding for divorce upon the ground of desertion, the burden is upon the complainant to show that the defendant willfully deserted and absented himself, without reasonable cause, for the space of two years.

**Bill for Divorce.**—Appeal from the Circuit Court of Boone County; the Hon. CHARLES KELLUM, Judge, presiding. Heard in this court at the December term, 1895. Reversed and remanded. Opinion filed June 1, 1896.

D. W. Shoudy, attorney for appellant.

C. B. Dean, attorney for appellee.

Mr. Justice Harker delivered the opinion of the Court.

Appellee began this suit for divorce against appellant, her husband, upon the ground that he had willfully deserted her and absented himself from her without reasonable cause for two years. He answered denying the charge, and a trial by jury was had resulting in a finding for appellee and a decree for divorce.

The evidence shows that the parties were married on the 2d of September, 1891. Appellee was at the time a widow, with five minor children, living upon her farm in Boone county. Appellant was in her employ as a farm hand. He had been with her in that capacity for two or three months. The "honeymoon" was not a long one. The passion of love did not strike deep root before marriage was grafted on it. They had frequent quarrels. His efforts to correct two of her children met with her decided disapproval and she applied epithets which were not of an endearing character.

On the evening of April 18, 1892, after they had quarreled she told him to leave. She testified that she told him to leave if he could not behave himself and treat her children properly. He testified that she attached no condition to her order, and that she had frequently before told him to leave. However, it is not disputed that on the next morning when he started she told him never to return.

It is in evidence that appellant offered to return on several different occasions, but that she would not allow him to do so; that she threatened violence to him if he should attempt it; that she procured his arrest upon a ficticious criminal charge and that she attempted subornation of perjury to convict him. While she denies the attempted subornation of perjury it is quite evident from the testimony that she was anxious to be rid of her husband, and that she would not allow him to return. Her evident purpose was a divorce.

The evidence does not support the finding that appellant willfully deserted appellee and absented himself from her without reasonable cause for the space of two years. The conduct of appellee is more reprehensible than that of appellant.

It is urged that it is evident the parties can not live together as husband and wife should; that their attempt to do so would furnish a bad example to the children; that to have them live apart without divorce would encourage acts of immorality, and that therefore the decree should stand. We are not disposed to look thus lightly on the marriage relation and encourage applications for divorce for slight causes. The only safe course, and the well-being of society so demands, is to deny the divorce, unless the application is accompanied with proofs which fill the statutory requirements. Reversed and remanded.