## Harry B. Mathews, Jr., Appellee, v. Marie M. Mathews, Appellant.

1. DIVORCE—*admissibility of evidence of use of detectives.* In a suit for divorce on the ground of desertion where complainant left the family domicile and seeks divorce on the ground that he was driven away from the family home and ordered not to return, where there is no evidence of any other ground for divorce by either party, it is improper for the attorneys for complainant to inquire as to whether the defendant had employed detectives.

2. DIVORCE—*justification for desertion as question of fact.* In an action for divorce by the husband on the ground of desertion, it is error to instruct the jury that it is for them to say whether the husband was justified or had reasonable cause for leaving home because of the conduct of the wife where divorce is claimed on the ground that husband was driven from home and ordered not to return and where the evidence is conflicting on every material issue.

3. TRIAL—*impropriety of submitting case to jury late at night.* It is improper to submit a case to the jury late on Saturday night, especially after a prolonged trial.

4. DIVORCE—*when wilful desertion is not shown.* A husband suing for divorce on the ground of wilful desertion, based on the act of the wife in driving plaintiff from the family domicile and ordering him not to return, has the burden of proof that he left home because the wife refused to live with him and ordered him to leave and fails to sustain such burden where his letters to his wife during the period of the alleged desertion are inconsistent with such claim and tend to show desertion by him, and plaintiff's evidence as to the desertion charged is directly contradicted in all material respects.

Appeal by defendant from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed January 26, 1923.

BURTON & BURTON, for appellant.

BURROUGHS & RYDER and D. H. MUDGE, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Vol. CCXXVII 30.

Appellee filed his bill for divorce on the ground of wilful desertion, which was denied by appellant. The jury returned a verdict in favor of appellee and upon the overruling of a motion for new trial the court entered a decree of divorce.

In their reply brief counsel for appellant say: "We did not expect the trial judge to allow the motion for new trial, and realized full well that we were merely 'going through the motions' when the same was argued, after the judge had permitted such a farce of a trial and so openly manifested his partiality for the cause of the appellee." They also say that the impatience, active partisanship and partiality of the trial judge could not but have been reflected in the verdict. Such intemperate language was wholly uncalled for and does not in any way aid this court in arriving at a proper decision of the case and the reply brief will be stricken from the files. While officers of the court have the undoubted right to question the rulings of the trial court, yet their complaints should be couched in more respectful terms.

The parties were married in 1910 and lived together until February 3, 1918. The homestead was purchased by appellee and his father-in-law for $7,500, each paying one-half of the purchase price and the title was put in the name of appellant. It appears that there was more or less friction in the home from the date of the marriage and that it was more pronounced after a letter dated October 5, 1917, signed "Countess Verona" and addressed to appellee had fallen into the hands of appellant.

As a general rule the spouse who remains in the home is the complainant in a bill for divorce on the ground of desertion. In this case appellee admits that he left the home on February 3, 1918, but says that it was because appellant refused to live with him and ordered him to leave the home and never come back. He says that he afterwards tried to get her to con-

sent to his return and that she refused to permit him. Appellant says that the circumstances under which he left were entirely different; that instead of refusing to live with him and ordering him to leave, appellee said he cared nothing for her or her family, that he was through with her and that he would leave her; that she pleaded with him not to go but he insisted that he was through and left her.

Appellant says he carried a key to the home from February 3, 1918, to the day of trial and that he paid her $175 per month until suit was begun. She says that he frequently returned to the home. As to these matters they are agreed. She says that they cohabited as man and wife as often as three times a month during the separation and that he ate twelve or fifteen meals with her at the home and that they frequently went to St. Louis together and dined at hotels and restaurants and on one occasion cohabited at the Jefferson hotel. That when she returned from California he met her at the station and took her to the home in his car and that he then visited and cohabited with her.

On July 11, 1919, appellee wrote a letter to his wife in which he said: "I would suggest that you advise with Mr. Brown and Edwards and have them submit to Mr. Ryder of Edwardsville a settlement for alimony and then file suit in court for divorce, and I will not contest same if money consideration is taken care of in advance." And on August 22, 1920, he wrote her: "I hope your happiness fills your heart with enough generosity to where you take steps to untie the strings of an unhappy marriage so that both parties to same can step forth and enjoy this future happiness."

Appellant says that after this suit was begun she urged appellee not to go on with it and that he said she had refused, that he wanted to be free and that he would force it. That this talk occurred in New York and that he further said that what he was about to do was splitting hairs in the courts of Illinois but it would

hold in court. Appellee did not deny this conversation but he denied having cohabited with his wife since February, 1918, and says he ate but one meal at the home since that date.

It will be seen, therefore, that their testimony is in direct conflict on the material issues in the case. Aside from the question of desertion neither party produced any evidence tending to show any ground for divorce. In order for appellee to maintain his case it was incumbent on him to prove that he left the home because appellant refused to live with him and ordered him to leave. He had some corroboration, but his letters are inconsistent with the attitude of a man of affairs who felt that it was he and not his wife who was entitled to a divorce.

If the testimony of appellant is true, she was not guilty of desertion (*Frank v. Frank*, 178 Ill. App. 557) and if that of appellee is true he was not guilty (*Gustafson v. Gustafson*, 66 Ill. App. 40). If appellant refused to live with her husband and ordered him to leave and insisted on his going and he left for those reasons, the desertion is on her part and not his. *Jones v. Jones*, 95 Ala. 443, 18 L. R. A. 95; *Hudson v. Hudson*, 59 Fla. 529, 29 L. R. A. (N. S.) 614; *Brown v. Brown*, 79 L. T. Rep. (N. S.) 102; *Hall v. Hall*, 25 Ky. L. Rep. 1304, 77 S. W. 668; *Gloster v. Gloster*, 23 N. Y. App. Div. 336, 48 N. Y. Supp. 160.

In such a case it is immaterial which of the parties leave the marital home; the one who intends bringing the cohabitation to an end commits the desertion. The one who drives the other away is the "deserter" and a wife may drive her husband away. *Hudson v. Hudson, supra; Gray v. Gray*, 15 Ala. 779; *Skean v. Skean*, 33 N. J. Eq. 148.

While this question has not been squarely passed upon by the courts of this State, yet where the husband insisted on his wife living with his mother, with whom her relations were unpleasant, and refused to pro-

vide her another home and she lived elsewhere, the court said: "Under such circumstances, the one who is away from the home may be truly said to be the deserted one, and the one who remains, the deserter." *Albee v. Albee,* 141 Ill. 550-558.

The rule above referred to does not conflict with that other rule that the reasonable cause to justify a desertion, where the cause is claimed to be the ill-conduct of the deserted party, must be such conduct as would itself entitle the other party to a divorce. *Fritz v. Fritz,* 138 Ill. 436. If one spouse leaves the home because the other refuses to live with him or her and because of orders to go and not return, the one who leaves is not a deserter and has nothing to justify but' must prove his or her reasons for going. The other party is the deserter, and to justify his or her course in sending the other away must prove a cause for divorce. If he or she does not relent and offer to take back the one who has left under such circumstances for two years, he or she has given the other a cause for divorce.

The Countess Verona letter was properly excluded from the jury for the reasons stated in *Razor v. Razor,* 149 Ill. 625. Counsel for appellee should not have inquired as to whether appellant had employed detectives. Some improper evidence was admitted but afterwards excluded.

If appellee left the home without any refusal on the part of his wife to live with him and without orders from her that he should go, he could only justify his going by showing such conduct on her part as entitled him to a divorce. *Fritz v. Fritz,* 138 Ill. 436. On the other hand, if he left because of her refusal to live with him and orders from her that he should go, then upon proof of such refusal and orders he would make out a case of desertion without regard to her conduct in other matters and after two years would be entitled to a divorce in the absence of proof that within the

two years she relented and offered to take him back.

In a case of this kind it is better that instructions should say nothing about divorce. The jury is simply to determine certain facts and not to grant a divorce. For that reason appellee's second instruction should not·have been given. The fourth instruction left it to the jury to say whether appellee was justified or had reasonable cause for leaving because of the conduct of appellant. For the reasons already stated that instruction was improper. The seventh instruction was clearly erroneous in a case of this kind and should have been refused.

It seems that this case was tried on Saturday and did not go to the jury until 9:45 p. m. and a verdict was reached at 2 a. m. on Sunday morning. In a case where the jury were sent out at a late hour on Saturday night to consider their verdict, the court said: "It is certainly to be desired that the deliberations of juries should be free from circumstances calculated to prevent a full and fair consideration of the matters committed to their decision. After a long trial it is to be expected that some or all of the jury will be fatigued, mentally as well as physically, and if at the hour when they, and most men, are accustomed to sleep, they are forced to decide the case, it would not be strange if they failed to decide it correctly." *Meeth v. Rankin Brick Co.*, 48 Ill. App. 602-605.

We are not to be understood as expressing or intimating any opinion as to the merits of the case, that is, as to whether appellant is or is not guilty of desertion as charged in the bill of complaint.

The decree is reversed and cause remanded.

*Reversed and remanded.*