Paul Randolph Bateman, Appellee, v. Virginia E. Bateman, Appellant.

Term No. 48013.

Opinion filed February 7, 1949. Rehearing denied April 18, 1949. Released for publication April 18, 1949.

David A. Warford, of Marion, and Philip H. Lewis, of Lawrenceville, for appellant.

R. W. Harris, and Stone & Fowler, all of Marion, for appellee.

Mr. Presiding Justice Culbertson delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Williamson county, which followed a verdict of a jury in a divorce action filed by appellee, Paul Randolph Bateman, (hereinafter called plaintiff), as against appellant, Virginia E. Bateman (hereinafter called defendant).

The complaint for divorce was filed by plaintiff as against defendant, in Williamson county, on grounds of desertion. In such complaint plaintiff alleged that he was a resident of Williamson county and had been a resident for more than one year prior to the date of the filing of the complaint, on January 13, 1947.

The facts, as shown by the pleadings and the evidence, indicate that plaintiff and defendant were married on May 7, 1938, and that one child, Sandra, was born to them, on August 26, 1943. Plaintiff had been in the United States Armed Forces from December 12, 1943, until December 11, 1945. The allegation of the complaint was that on January 12, 1946, defendant deserted the plaintiff, without reasonable cause, and persisted in the desertion for the space of one year and upward. Defendant first entered her limited appearance in the action filed in Williamson county and filed a motion to dismiss the action, or, in the alternative, that the suit be transferred to the circuit court of Lawrence county, Illinois, and as ground for such motion, defendant contended that neither plaintiff nor defendant was an actual bona fide resident of Williamson county, and that the circuit court of Williamson county did not have jurisdiction of the subject matter

of the custody of the child of plaintiff and defendant because the circuit court of Lawrence county had acquired and assumed jurisdiction of said child under a complaint filed on November 6, 1946. The action in the circuit court of Lawrence county had been an action filed by defendant, in which defendant recites that, plaintiff had taken the child with him and requested that the court grant custody of the child to the mother, and enjoin and restrain the father from interfering with or molesting the mother in the custody of her child, with the reasonable right of visitation on part of the plaintiff. There was no request for divorce, or any other relief in that action. The action was still pending at the time the divorce case was filed in Williamson county by plaintiff, as against defendant.

The court, after hearing such motion, which was heard upon affidavits and counter-affidavits, denied the motion to dismiss the divorce case, without prejudice, and thereafter, defendant filed a petition for attorneys fees and temporary alimony, and likewise, filed an answer to the complaint, denying that plaintiff was a bona fide resident of Williamson county, and denying that she was guilty of desertion. A special defense was also pleaded on the ground that the court in Williamson county was without jurisdiction of the matter of custody of the child for the reason that the circuit court of Lawrence county had acquired jurisdiction of the custody of the child and still held and retained such jurisdiction, by reason of the complaint filed in the circuit court of Lawrence county, and temporary injunction issued in such court, restraining the plaintiff from molesting or interfering with the custody and control of defendant. Plaintiff, in answer to the special defenses, affirmed that he was a bona fide resident of Williamson county, and likewise, alleged that the circuit court of Lawrence county was without jurisdiction of the subject matter of the suit involving the care and custody of the child, and that any judg-

ment or decree entered in the circuit court of Lawrence county would be void by reason of the fact that no relief other than a determination of the care and custody of the child was requested in that action.

In the trial of the cause, on the questions of fact relating to the residence of the plaintiff and the question of desertion by the defendant, the jury returned verdicts finding that plaintiff was a resident of Williamson county at the time he filed the complaint for divorce, and that defendant was guilty of desertion, as charged in the complaint. Motions for judgment or decree, notwithstanding the verdicts, and a motion for new trial, filed by defendant, were overruled by the trial court. After further evidence was heard by the court on other questions remaining for decision, the court below entered a decree granting a divorce to plaintiff, and awarding the custody of the child to defendant, subject to certain rights of visitation and partial custody in plaintiff. The partial custody involved the right to have the child from July 15 to August 15, inclusive, of each year, and the right to have the child on the first week-end of each month. The decree also awards the household furniture in the possession of defendant to defendant, in lieu of temporary support money, and likewise, orders plaintiff to pay defendant $75 per month for support of the child, until September 1, 1949, and $85 per month thereafter, and likewise, awarded $300 for defendant's attorney fees.

On appeal in this court the defendant contends, (1) That the court did not have jurisdiction to enter a decree of divorce, for the reason that plaintiff was not a bona fide resident of Williamson county; (2) That the circuit court of Williamson county did not have jurisdiction of the custody of the child for the reason that the circuit court of Lawrence county had acquired jurisdiction of the custody of the child in the prior

action pending between the parties; (3) That the verdicts of the jury were not supported by the evidence and were against the manifest weight of the evidence; (4) That certain errors were committed in the giving of instructions to the jury; (5) That the court improperly fixed the amount of support money to be paid to defendant, and also erred in awarding partial custody of the child to plaintiff for one month a year, as heretofore stated.

■ ■ There was a conflict of evidence as to the residence of plaintiff. There was some evidence to the effect that plaintiff and defendant had resided in Chicago, and that plaintiff continued to work in Chicago. There was evidence, however, to the effect that plaintiff had been born in Marion, in Williamson county, and that while he had lived in an apartment in Chicago prior to entering the naval service and had voted in Chicago, at the time he entered the naval service the apartment in Chicago was relinquished and the household goods removed to Lawrenceville, where defendant had lived prior to her marriage. There was evidence to the effect, after plaintiff's return from military service, that his father was ill, and after a conversation which indicated that defendant would not live with plaintiff further, plaintiff re-established his residence in Marion and voted in Williamson county, where he kept a substantial portion of his personal effects, even though he continued to work in Cook county. Under the evidence, as presented in the court below, we cannot say that the verdict of the jury on the issue of residence of plaintiff was unsupported by the evidence, or against the manifest weight of the evidence. The place of residence of a party in a divorce action, in common with the determination of domicile of a party, is essentially a question of intent, depending on the facts and circumstances of each particular case (*Albee v. Albee,* 141 Ill. 550; *Fry v.*

*Fry,* 332 Ill. App. 484). Under the circumstances there was sufficient evidence to support the verdict of the jury on the issue of residence of plaintiff.

On the issue of desertion, there was conflicting evidence as to what was said and done by the parties to the cause. There was, however, evidence to the effect that defendant had made up her mind on January 12, 1946, that she did not intend to live with plaintiff again, and so advised him, and that she persisted in such determination to live separate and apart from plaintiff, without reasonable cause. While there is evidence to the contrary, the verdict of the jury cannot be said to have been contrary to the manifest weight of the evidence (*Kennedy v. Kennedy,* 87 Ill. 250; *Mathews v. Mathews,* 227 Ill. App. 465).

The fact that there was substantial conflicting evidence, in itself, would not justify this court in disturbing the verdicts of the jury and the conclusion of the court below. Where a jury and a trial court have heard and considered conflicting evidence, the resulting findings and decree should not be disturbed on review, unless manifestly against the weight of the evidence (*Shekerjian v. Shekerjian,* 346 Ill. 101; *Hopkins v. Hopkins,* 399 Ill. 160).

Similarly, the discretion of the court below in a hearing involving the custody of a child and matters relating to the question of support should not be disturbed, unless manifest injustice has been done (*Buehler v. Buehler,* 373 Ill. 626, 630; *Serotzke v. Serotzke,* 335 Ill. App. 485). The provisions of the decree, relating to custody and support, and for allowance of attorney fees are clearly of such character that we must conclude that there was no abuse of discretion in the trial court in the entry of such decree.

As to the objections relating to instructions given in the court below, the first instruction objected to advised the jury that if they found from the greater weight of the evidence that commencing with January 12, and continuing for the full year immediately

following, the defendant had a fixed intention not to live and cohabit with plaintiff, regardless of whether he provided a home in which the parties might live and cohabit in Chicago, then the fact that no home was actually provided by plaintiff would not be a justification for defendant's refusal to live and cohabit with the plaintiff. It told the jury that the failure to provide such a home would not excuse defendant's not living with the plaintiff if the refusal was, in fact, not based on the failure to provide such a home, but arose from a fixed intention not to live with plaintiff, even if the dwelling were furnished. The jury could not have been misled by such instruction since the law does not require that plaintiff do a useless act of finding a home if defendant, in fact, would refuse and indicated she would continue to refuse to go to Chicago for the purpose of living with the plaintiff (*Kennedy v. Kennedy, supra; Mathews v. Mathews, supra*). In defendant's instructions numbers four and five the jury was told that the defendant's failure to follow her husband to Chicago could not constitute desertion, unless plaintiff provided a home for her there. In view of the evidence of a fixed intention, which would have persisted even though a home were furnished by plaintiff, and in view of defendant's given instructions referred to, there was no reversible error in the giving of plaintiff's instruction number one.

Plaintiff's instructions numbers two and three told the jury, in substance, that the reasonable cause which would justify a wife in deserting or absenting herself from her husband was such cause as would entitle a wife to a divorce from her husband. There was no reversible error in the giving of such instructions, which were substantially correct statements of principles of law (*Holmstedt v. Holmstedt*, 383 Ill. 290).

Plaintiff's given instruction number six told the jury that if the defendant on or prior to January 12, 1946, brought the "cohabitation" between

defendant and her husband to an end, without reasonable cause, and in so doing, intended to bring the marriage relation to an end, and persisted in the desertion for one year thereafter, then, under such findings, defendant could be guilty of desertion. It is the contention of the defendant that this informed the jury that the refusal of defendant to have sexual intercourse amounted to desertion. Defendant contends that the word ''cohabitate'' was such as to mislead the jury, and that it would interpret the word to mean sexual intercourse. The jury, however, was told in defendant's given instruction number twelve, that the refusal of defendant to have sexual intercourse does not amount to wilful desertion, and under the circumstances, the giving of the plaintiff's instruction number six, simply supplemented defendant's given instruction by informing the jury that a complete cessation of cohabitation constitutes desertion. Under the circumstances, the giving of such instruction could hardly be termed reversible error.

Plaintiff's given instruction number seven advised the jury that in law the residence of a husband is that of his wife, and the wife's residence follows that of the husband, and when the husband acquires a new home, it is the duty of the wife to go with him, and if she refuses, without reasonable cause, and such refusal persists for one year, then the wife is guilty of desertion. This was a proper statement of a legal principle, which is established under the law of this State (*Kennedy v. Kennedy, supra; Babbitt v. Babbitt*, 69 Ill. 277).

Other objections were made to modification of instructions, and to the failure to give a certain instruction on behalf of defendant, which was a duplicate of an instruction actually given. It is not necessary that we discuss these instructions in detail. Upon review of all the instructions in the case, in light of the evidence, we feel that there was no tendency shown to

confuse or mislead the jury with respect to principles of law applicable to the issues in the case. In *Kavanaugh v. Washburn,* 320 Ill. App. 250, the court stated that, under such circumstances, minor irregularities considered as abstract propositions of law should not be permitted to control where it appears that the complaining party's rights have not been prejudiced. A liberal application of the harmless error doctrine to instructions where there has been no showing of prejudice should be the rule in courts of review. We, therefore, conclude that there was no reversible error in the giving, modification, or refusal of any instructions.

The remaining question for consideration is whether or not the circuit court of Williamson county had jurisdiction to award the custody of the minor child of plaintiff and defendant. The proceedings in the circuit court of Lawrence county, which were pending at the time the divorce action was filed in Williamson county, involved solely the issue of custody of the child, and the only relief sought in the complaint in that case, was a decree awarding custody of the child to the defendant in this cause. It has been determined in the Supreme Court of this State that a court of equity cannot, in absence of a decree for divorce, determine property rights, award alimony, or dispose of the custody of a child (*Thomas v. Thomas,* 250 Ill. 354, 360; *Luczynski v. Luczynski,* 327 Ill. App. 548).

The court, in the case of *Thomas v. Thomas, supra,* at 360, expressly stated that so far as children are concerned, a court can, by virtue of the statute, only make orders concerning their custody during the pendency of a suit, or upon final hearing where a divorce is decreed. The court went on to say that the principles upon which the equitable powers of the court are exercised, do not sustain the claim that a husband and wife may litigate with each other in a court of equity over the question of which one shall have the

custody of their children. The court concluded that the court had no jurisdiction to award custody of the child. It was obvious, therefore, that the circuit court of Lawrence county had no jurisdiction as to the custody of the child of plaintiff and defendant. By reason of the total want of jurisdiction in the proceeding in Lawrence county, the proceedings were a nullity, and there was no lack of power in the circuit court of Williamson county to proceed with the awarding of custody of the child of plaintiff and defendant in the divorce action now under review in this case.

Upon a review of the entire proceeding, we do not believe we would be justified in reversing the decree entered in this cause. The decree of the circuit court of Williamson county will, therefore, be affirmed.

*Affirmed.*

Bardens and Scheineman, JJ., concur.