## Patricia Frees (Engel), Plaintiff-Appellee, v. George Frees, Defendant-Appellant.

### Gen. No. 52,519.

First District, First Division.

July 22, 1968.

Rehearing denied September 17, 1968.

Walter C. Wellman, of Lyons, for appellant.

Desort and Krantz, Edward G. Krantz, Daniel A. Costigan and James B. Martin, of Chicago, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is a post-divorce decree proceeding involving the custody of two minor children. The decree entered August 17, 1962, awarded the permanent custody of Cynthia, then eight, and Terrance, then seven, to the plaintiff, their mother. The defendant, George Frees, their father, was given custody of the two children for one month during the summer vacation periods. He was ordered to pay for the care and support of the children. Defendant appeals from an order which denied his petition for permanent custody.

Defendant's petition, filed on August 30, 1965, alleged that plaintiff had failed and neglected to procure much-needed orthodontic treatments for Cynthia and had failed to secure proper medical attention for Terrance, who had had serious bowel trouble for some time.

On September 15, 1965, and after a hearing on defendant's petition, Judge Fred W. Slater entered an order that the divorce decree be modified "to provide that the defendant, George Frees, have the sole care, control, custody and education of the minor children of the parties until one week after the close of school in 1966 and that medical reports and dental reports be filed with the court at that time and that plaintiff and defendant have temporary custody on alternate holidays, defendant to have such custody beginning with the Thanksgiving holidays." It was further ordered "that this cause be and it is hereby

continued to June 23, 1966, . . . without further notice." Judge Slater died on August 14, 1966.

On June 13, 1967, and after a number of continuances, a hearing was had before Judge Norman N. Eiger on defendant's petition for permanent custody. Counsel for plaintiff informed the court that the order of September 15, 1965, by Judge Slater was a temporary order, and that temporary custody was given to defendant for the purpose of securing orthodontic treatments and medical attention for the children, and that the burden was on defendant to show that plaintiff was an unfit mother. Thereupon, counsel for defendant sought to introduce into evidence a transcript of the hearing before Judge Slater, which resulted in his order of September 15, 1965. Judge Eiger rejected the offer and then proceeded with the hearing of defendant's petition.

Defendant, George Frees, testified that Cynthia would be fourteen in November (1967) and Terrance would be thirteen in August. He stated that he had made periodic trips to Florida, and that Terrance was suffering from a complete lack of care and pinworms were imbedded in his bowels. He further stated that a tooth was growing in the center of Cynthia's mouth, and it was deforming her. In February, 1965, he saw the children coming home from school, and "Terry" had a hole in the toe of his shoe the size of a half dollar and the toe was infected. He had long hair and was shabbily dressed. Defendant had been sending support for the children during this period. He made arrangements for a Florida orthodontist in 1965, and he offered to pay all bills, but the work was not done. He saw his children in Chicago in 1965, and at that time no orthodontic treatment had been given to his daughter. He took his daughter to an orthodontist. She is still being treated and wears braces.

Defendant further testified that he had remarried and lived in Lake Forest. His home had four bedrooms. Both

216

children were attending school regularly and doing very well. His present wife had taken care of the children for the past two years and had indicated she was willing to continue. She had endeavored to correct Terrance's stuttering and bowel problem and had guided and helped Cynthia physically and mentally. School records were introduced in evidence.

Dorothy Frees testified that she had married defendant, George Frees, in September, 1963. She had been a school teacher and had a daughter of her own who would be eleven in July (1967). In 1963 Terrance had a serious bowel condition, and she took him to a doctor who prescribed "daily suppositories." The condition was now ended. She had the children for about two years, and the only time it was necessary to secure treatment for Terrance since they had custody was one time when he visited his mother in Florida. She took Cynthia to the orthodontist for treatments. She was willing to take care of the children if her husband was awarded permanent custody.

Plaintiff, Patricia (Frees) Engel, was called to testify under section 60 of the Civil Practice Act. She stated Terrance had been hospitalized for rectal problems while the divorce was pending. The doctor at that time prescribed suppositories and said that Terrance would outgrow the problem in a year or two. Terrance still had bowel trouble, and she took him to a doctor twice a year for periodic checkups. She did not realize her daughter had crooked teeth but thought she needed fillings. She took her to a dentist in Florida, and she paid the dentist. Both children had physicals in school. In November, 1964, defendant authorized her to take Cynthia to an orthodontist. No orthodontic work was done from November, 1964, until June, 1965, when she sent the children to their father.

Plaintiff, Mrs. Engel, testified that she owned a home in Pinellas Park, Florida. It had three bedrooms and two

baths, and she resided there with her present husband since 1962. She was not employed, and her husband supported her very well. She had no children with her present husband, who had a married son.

Judge Eiger interviewed each child separately in his chambers. He stated to the parties that Cynthia told him she was getting along very well with her father and stepmother; also that she was getting along very well with her mother and stepfather. She liked living in Florida but had a preference to live in Lake Forest. It was the impression of Judge Eiger that she was a well-adjusted child and could easily adjust to either or both places. He stated that Terrance appeared to be a rather happy-go-lucky boy. He seemed to be well adjusted and enjoyed being with his father and stepmother and enjoyed being with his mother and stepfather. He didn't want to make a choice of parents.

After reviewing the foregoing testimony and after extended discussion with counsel for both sides, Judge Eiger on September 11, 1967, entered an order nunc pro tunc as of June 13, 1967, which confirmed the decree award to plaintiff of the custody of the two minor children and increased defendant's visitation rights to two months during the summer school vacation. Defendant was ordered to deliver the children to plaintiff on August 1, 1967. This is the order from which defendant appeals.

Initially, we consider defendant's contention that "the court erred in refusing to admit a transcript of the hearing before the late Judge Fred W. Slater held on September 15, 1965." In support defendant cites Dixon v. Smith-Wallace Shoe Co., 283 Ill 234, 119 NE 265 (1918), where it is said (p 240):

> "The record rather convinces us that the proof absent from the record, or not properly in the record, as held by the Appellate Court, can certainly be pro-

duced on another trial by the introduction either of the original transcript of the record of the Missouri circuit court copied into said bill of exceptions or by the production of another duly authenticated copy of such record."

 In a custody hearing the paramount issue is the welfare of the children, and we think a trial court should exercise broad discretion in admitting evidence which bears on the issue or which may assist the court in arriving at a custody decision. (Szczawinski v. Szczawinski, 37 Ill App2d 350, 353, 185 NE2d 375 (1962).) Therefore, if the trial court had considered that the transcript of the hearing of September 15, 1965, was of value in arriving at the instant custody decision, we think it would have been correct for the court to have admitted the transcript in evidence if properly authenticated, but we find no error in its rejection.

 Considered next is defendant's contention that "the burden was on the plaintiff to prove a change of circumstances existed since the hearing of September 15, 1965." Defendant argues that the order of September 15, 1965, was a permanent order for custody, and since the order gave custody of the children to the father, "it was incumbent upon the mother to prove a change of circumstances existed since the hearing of September 15, 1965, warranting return of the children to her. No such evidence was introduced by the mother."

 After considering this record, we think the order of Septemder 15, 1965, was temporary in nature, and a permanent change of custody was dependent upon a further hearing to be held on the original continued date of June 23, 1966. It was not the burden of plaintiff, the mother, to prove a change of circumstances warranting the return of the children to her.

Finally, defendant contends that "the welfare and best interests of the children warranted their custody re-

maining with the defendant." On this point defendant argues that the evidence at both hearings definitely showed that the mother grossly neglected both children. She had done "absolutely nothing to secure orthodontic treatment for this girl," and the bowel condition of Terrance had not been remedied, and "a mother that will permit a child to suffer such a condition day after day certainly is not fit to have the custody of her son."

The guidelines to be used in a post-decree hearing to modify child custody provisions of a decree have been repeatedly stated. The guiding star is and must be, at all times, the best interests of the child. The divorce decree granting custody is res adjudicata as to the facts which existed at the time of divorce but may be changed from time to time as the best interests of the children demand. New conditions must arise to warrant a custody change. It is usual in custody cases, due to the tender years of the child and in consideration of its best interests, to entrust the care and custody to the mother, if a fit person. Each case stands on its own facts. Every presumption is indulged in favor of a divorce decree. If its provisions are to be changed, the burden of proof is on the party so moving to show why it should be done. 37 Ill App2d 350, 185 NE2d 375.

Our examination of this record shows that Judge Eiger heard and saw the principals and interviewed the children. He considered at length the evidence offered on the issue of whether new and changed conditions were shown, which required modification of the custody provisions of the divorce decree. He decided that a permanent change of custody was not warranted, and he increased defendant's visitation rights. An opposite conclusion to his decision is not clearly indicated. Therefore, we conclude that the decision of the trial court was not against the manifest weight of the evidence, and it was a proper use of the broad discretion vested in the trial court in a custody proceeding.

For the reasons stated, the change of custody order appealed from is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.