**Marsha Maroney, Plaintiff-Appellant, v. Jack D. Maroney, Defendant-Appellee.**

Gen. No. 68–68.

Third District.

May 29, 1969.

Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellant.

Carl F. Reardon, of East Peoria, for appellee.

RYAN, J.

This is an appeal from an order modifying the terms of a Divorce Decree with regard to child custody. In October, 1966, plaintiff was granted a divorce from the defendant. The Decree awarded custody of the minor

son of the parties to the plaintiff with visitation rights to the defendant.

In August, 1967, the defendant filed a Petition for a Rule to Show Cause alleging certain violations of the Decree by the plaintiff. An Order to Show Cause was entered as prayed in the Petition and the same was set for hearing on September 6, 1967. No further action was taken on this Petition and Order.

According to the defendant's version, after the plaintiff was served with a copy of the Order to Show Cause on September 5, she refused to allow the defendant visitation with his son. On November 1, 1967, the defendant indulged in some self help with regard to his right to visitation. After being involved in a fight with the plaintiff's present husband, defendant obtained physical control over his son and took him away from the plaintiff.

On November 2 the plaintiff filed her Petition for Rule to Show Cause and also prayed that the Decree be modified to restrict the defendant's visitation rights and other relief. The court entered the Rule to Show Cause and set the same for hearing for November 7, 1967, and also set the prayer of the Petition relating to modification of the defendant's visitation rights and for other relief at the same time.

On November 7, 1967, before the hearing commenced, the defendant filed a Motion to Dismiss plaintiff's Petition for a Rule to Show Cause and to Quash the Order to Show Cause against the defendant. He also filed the Petition to Modify the Divorce Decree asking that custody of the child be permanently awarded to him.

When the hearing commenced on November 7, 1967, the court properly concluded that a determination of all of the issues involved in the many pleadings before it would require several hearings over an extended period of time. At the hearing, the plaintiff demanded an immediate return of the child pursuant to the terms of the

original Decree. The defendant's Petition to Modify contained certain allegations which, if true, would indicate that it would not be to the best interest of the child to return him to the plaintiff. The court felt it was necessary to hear evidence as to who should have temporary custody pending the determination of the many issues. At the conclusion of the hearing on November 8, 1967, the court entered an Order suspending the provisions of the original Decree concerning custody and awarded temporary custody to the defendant.

On January 18, 1968, at the conclusion of the hearing on plaintiff's Petition for Rule to Show Cause the court found the defendant in contempt of court for violating the Divorce Decree and ordered him to pay the Clerk of the Court Ten Dollars ($10) and to pay the plaintiff's attorney fees in the amount of One Hundred Fifty Dollars ($150). The next morning in open court, the order of the court was satisfied by the defendant. The court then proceeded with the hearing on the defendant's Amended Petition to Modify the Divorce Decree. After many hearings and continuances, the matter was concluded. On April 18, 1968, the court entered an Order modifying the Divorce Decree granting custody of the child to defendant. It is from this Order that the appeal has been taken.

The plaintiff has challenged the authority of the court to enter the temporary order which placed the custody of the minor child with the defendant pending the determination of the many issues presented by the pleadings. Plaintiff contends: 1) That no pleading requested that an order be entered concerning the temporary custody of the child; 2) That the defendant willfully violated the Divorce Decree by physically taking the child from the plaintiff and refusing to return it. By virtue of such conduct, he had "unclean hands" and the court should not have entered the temporary order placing the custody of the child with the defendant.

██ ██ The question of the propriety of the temporary order is now moot. The temporary order has been superseded by the permanent order entered by the court on April 18, 1968, which modified the Divorce Decree and granted custody of the child to the defendant. 27B Corpus Juris Secundum, 589. The defendant now has custody by virtue of this permanent order and not by virtue of the temporary order. A temporary order as its name implies is provisional in character and continues only during the pendency of the action. When the cause is disposed of on its merits, the temporary order has fulfilled the purpose of its creation and is of no further effect. It is superseded by the provisions of the final Decree. Schuler v. Wolf, 372 Ill 386, 24 NE2d 162; Wain v. Barnay, 219 Ill App 401.

██ It is not clear from the plaintiff's brief whether or not she is raising the "unclean hands" issue in relation to the permanent order. The record does not indicate that this question was raised in the trial court. The plaintiff filed a Motion to Dismiss the defendant's original Petition to Modify filed November 7, 1967. One of the several grounds for dismissal urged by the plaintiff in her Motion was the "unclean hands" doctrine. The court granted the Motion to Dismiss the defendant's Petition to Modify but did not specify the "unclean hands" doctrine as a reason therefor. The court then granted the defendant leave to file an Amended Petition to Modify which the defendant filed December 6, 1967. The record does not disclose that a Motion to Dismiss this Amended Petition was ever filed by the plaintiff nor that the "unclean hands" doctrine was ever raised with regard thereto. The permanent order of April 18, 1968, was based on this Amended Petition. The plaintiff not having raised the issue in the trial court is not now at liberty to do so in this court. 2 Ill Law and Practice, 237.

██ ██ Furthermore, in this case it appears that the trial court was attempting to do complete justice and to

determine the best interests of the child. Both the plaintiff and defendant had filed petitions to modify the Divorce Decree. Both the plaintiff and the defendant had been ruled to show cause why they should not be held in contempt of court for violating the Divorce Decree. The defendant contended that the plaintiff had "unclean hands" and the plaintiff (as to the defendant's original Petition to Modify) contended that the defendant had "unclean hands." This maxim of equity is not a judicial straightjacket. The maxim is not intended to prevent equity from doing complete justice. It is not favored by the courts and the application rests in the sound discretion of the court. 30 Corpus Juris Secundum, 1034, 1036, 1037, 1048. It does not appear that the court has abused that discretion.

██ The plaintiff contends that the trial court erred in denying her petition for a change of venue which alleged the prejudice of the trial judge. This petition was filed on November 17, 1967. It was filed after a hearing on the plaintiff's Petition for a Rule to Show Cause had commenced and after the court had ruled adversely to the plaintiff on substantive matters. The trial court properly denied plaintiff's Petition for a change of venue.

The plaintiff's Petition for Rule to Show Cause in addition to praying that the defendant be ordered to show cause why he should not be punished for violating the Divorce Decree, also prayed that the Decree be modified so that the defendant would thereafter be permitted to visit the child only in the plaintiff's home and in her presence. It also prayed for such other and further relief as the court may deem equitable and just. These matters were all set for hearing at the same time on November 7, 1967. The hearing was commenced on that date and continued to November 8. The order entered on November 8 recited, "This cause coming on to be heard on the Petition for Rule to Show Cause filed by plaintiff herein . . . ."

At the hearing it was clear that part of the relief that plaintiff was seeking under the prayer for other and further relief in her petition was the immediate return of her child pursuant to the terms of the original Decree. The order entered November 8 denied her this relief, temporarily suspended the provisions of the Decree granting plaintiff custody, granted to the defendant the temporary custody of the child and denied plaintiff all visitation rights until final determination of the question of custody. Nine days later, November 17, 1967, plaintiff filed her petition for a change of venue.

The hearing on November 7 and 8 was not an interim hearing concerning matters unrelated to the issues of the controversy as the plaintiff contends. As the order of the court recited, it was a hearing on the plaintiff's Petition for a Rule to Show Cause. Part of the relief the plaintiff sought at the hearing on her petition was the enforcement of the original Decree by having the child immediately returned to her. The rulings of the court were adverse to the plaintiff and were on substantive issues involved in the case.

The venue statute (Ill Rev Stats 1967, c 146, § 1 et seq.) gives an absolute right of change of venue to the petitioner when his petition alleging the prejudice of the trial judge is duly made, verified and filed in accordance with the statute. The petition must be filed at the earliest practical moment and if filed after a hearing has commenced on the merits, it is filed too late. Smith v. Smith, 87 Ill App2d 21, 230 NE2d 474.

A petition comes too late after the trial judge has ruled on a substantive issue in the cause. Miller v. Miller, 94 Ill App2d 138, 236 NE2d 321; Marshall Savings & Loan Ass'n v. Henson, 78 Ill App2d 14, 222 NE2d 255; or after the hearing has begun and the judge has ruled adversely to the petitioner. Booth v. Metropolitan Sanitary Dist., 79 Ill App2d 310, 224 NE2d 591.

■ ■ The plaintiff complains of two errors of the court in the admission of certain evidence during the hearing of defendant's petition to modify. The first of these relates to the admission into evidence of a copy of a report written by Dr. Hauk pertaining to his examination of the child of the parties. Any error involved in the admission of this document was obviated when at a continuance of the hearing at a later date plaintiff presented Dr. Hauk as a witness who testified at length concerning the boy, his examination of him and his report. As to matters contained in the report not covered by direct or cross-examination of Dr. Hauk, we wish to emphasize that this is a chancery proceeding heard by the court without a jury. It is presumed that the court in reaching its decision disregarded any improperly admitted evidence if the record contains sufficient competent evidence to sustain the result. Cleary, Handbook of Illinois Evidence, 2d Edition, page 105.

■ The other alleged evidentiary error involves an attempt by the defendant's attorney in the cross-examination of the plaintiff and her present husband to elicit certain information concerning the past conduct of the plaintiff's present husband concerning a crime involving moral turpitude committed in the state of Iowa. Defendant's counsel was not thereby trying to impeach plaintiff's present husband as a witness nor was he trying to prove a past conviction. The cases cited by the plaintiff condemning such cross-examination did not involve child custody hearings and are therefore not helpful. Inasmuch as the plaintiff was asking that the court return the child to her custody, the moral fitness of her husband with whom the child would reside was relevant. Serotzke v. Serotzke, 335 Ill App 485, 82 NE2d 375.

Finally, plaintiff contends that the decision of the trial court to modify the decree and grant custody of the child to the defendant is not supported by the evidence.

■ ■ The guiding star in a hearing to modify child custody provisions of a decree is at all times the best

interests of the child. Frees v. Frees, 99 Ill App2d 213, 240 NE2d 274. After a divorce decree, the custody of a child may be changed by order of the court from time to time as the best interests of the child demand. Nye v. Nye, 411 Ill 408, 105 NE2d 300. New conditions must have arisen since the decree to warrant the court changing its prior custody determination and these changed conditions must have affected the welfare of the child. Nye v. Nye, supra; Wade v. Wade, 345 Ill App 170, 102 NE2d 356.

 It is a policy of the courts of review to recognize a broad discretion in the trial court called upon to award custody of the children, however, such discretion is a judicial one and is subject to review. Nye v. Nye, supra; Maupin v. Maupin, 339 Ill App 484, 90 NE2d 234. The discretion of the trial court relating to custody should not be disturbed unless the same is against the manifest weight of the evidence. Bateman v. Bateman, 337 Ill App 7, 85 NE2d 196; Schmidt v. Schmidt, 346 Ill App 436, 105 NE2d 117.

In this case the trial court conducted extensive hearings on the issues between November 7, 1967, and April 18, 1968. Both the plaintiff and the defendant were given ample opportunity to introduce evidence in support of their positions and voluminous evidence was presented. In support of the court's determination that the best interests of the child would be served by granting custody to the defendant, the record reveals the following:

That the plaintiff refused to allow the defendant visitation with the child for several months; the plaintiff spanked the child on numerous occasions; the plaintiff struck the child on various occasions with a plastic belt and a wooden spoon leaving marks and bruises on his body; the plaintiff was hysterical on occasions; the child had bruises around his eye; the child was pale and thin; the plaintiff had thrown the child across the room; the child was sickly and poorly clothed; during the first nine months after the plaintiff was divorced she moved

171

on the average of once every two months; the plaintiff's present husband had been involved in certain difficulties in Iowa and was receiving psychiatric counselling in Peoria.

These are but a few of the many evidentiary facts contained in the record relating to the welfare of the child which support the trial court's determination. We feel that the determination of the trial court as to the requirements of the best interests of the child is not against the manifest weight of the evidence and should not be disturbed.

Accordingly, the decision of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.