CARL W. SORENSON, Plaintiff-Appellee, *v.* JACQUELINE SORENSON, Defendant-Appellant.

(No. 11805;

Fourth District—April 12, 1973.

Barbara A. Burkett, of Vermilion County Legal Aid Society, of Danville, (John S. Carroll, Senior Law Student, of counsel,) for appellant.

Dyer, Richmond, Moore & Nelson, of Hoopeston, (William E. Nelson, of counsel,) for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On October 20, 1970, the Appellee, Carl W. Sorenson, Sr. (hereinafter designated as "plaintiff") was granted a divorce from Appellant Jacqueline Sorenson (hereinafter designated as "defendant"). Custody of their minor child, Carl W. Sorenson, Jr. was awarded to defendant. On October 7, 1971, plaintiff filed a Petition for Change of Custody alleging change of circumstances and that the child was living with defendant in places which were unsuitable, and that defendant had contributed to the physical and mental ill being of the child. An evidentiary hearing was held, and on January 11, 1972, the trial judge entered an order finding that a material change of circumstances had occurred since the entry of the decree and that the best interests of the child would be served by changing custody from defendant to plaintiff, and modified the decree accordingly. From this order defendant appeals.

The evidence, briefly summarized, shows that defendant and the child resided with her mother for a period of eight months following the entry of the decree for divorce. The child was born December 9, 1969. In the latter part of June or the early part of July, 1971, defendant was "kicked out" because she didn't clean the house according to her mother's wishes. Defendant and the child then moved to a trailer which had no bathtub or shower and there resided for one month. While living in the trailer she had three or four parties, there was testimony that she became intoxicated and that the child was present, at least on one occasion when

this occurred. Defendant denied having been intoxicated. She then moved to Danville to an apartment for a period of approximately three weeks; then moved to another apartment in that City where they lived for four months and had moved from the latter location a few days prior to the hearing. She did not inform the plaintiff as to her whereabouts from time to time. She had, on occasion, attended "road parties" which are defined as parties in a deserted building or at the side of a road, where beer was served. Defendant had been receiving Illinois Public Aid for a month or two; had not been employed since the divorce. Defendant testified that the child was in good health and was regularly taken to a doctor. A case worker for the Department of Public Aid had seen the child on one occasion and found him to be clean, alert and pleasant. The plaintiff has remarried; his present wife is amenable to receiving the child into their home and to caring for him. The plaintiff is steadily employed and is purchasing a three bedroom home.

■■■ In order to justify a change in child custody, a material change of circumstance which affects the welfare of the child must be shown (*Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300), and the party seeking the change in custody has the burden of proving that the child's best interest warrants the change. (*Mikrut v. Mikrut*, 113 Ill.App.2d 446, 251 N.E.2d 84.) After a divorce decree the custody of a child may be changed by order of the court from time to time as the best interests of the child demand (*Nye v. Nye*, 411 Ill. 408, 105 N.E.2d 300), and "The guiding star in a hearing to modify custody provisions of a decree is at all times the best interests of the child. (*Maroney v. Maroney*, 109 Ill.App.2d 162, 170, 171, 249 N.E.2d 871; *Frees v. Frees*, 99 Ill.App.2d 213, 240 N.E.2d 274.) Unless it appears that manifest injustice has been done a reviewing court will not disturb the determination of the trial court in matters concerning the custody of infant children. (*Hahn v. Hahn*, 69 Ill.App.2d 302, 216 N.E.2d 229.) The discretion of the trial court relating to custody should not be disturbed unless the same is against the manifest weight of the evidence. *Bateman v. Bateman*, 337 Ill.App. 7, 85 N.E.2d 196; *Schmidt v. Schmidt*, 346 Ill.App. 436, 105 N.E.2d 117; *Maroney v. Maroney*, 109 Ill.App.2d 162, 249 N.E.2d 871.

■■ The effect of the trial court's order is to remove the child from an unstable home into a two parent, stable atmosphere and to eliminate exposure to conditions which are not conducive to physical and moral well being. On this record we cannot say that the trial court abused its discretion, nor can we say that its judgment is against the manifest weight of the evidence.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.